# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cr-00205-MTS/RHH |
| | ) | |
| KENNETH MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The Court has conducted a de novo review of the entire record and will overrule Defendant Kenneth Martin's objections, incorporate and adopt United States Magistrate Judge Rodney H. Holmes's report and recommendation, deny Martin's motion to suppress, and deny Martin's motion to dismiss the indictment.

### I.      Background

On May 1, 2024, a grand jury indicted Martin on one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The grand jury also found, pursuant to 18 U.S.C. § 924(e), that Martin had three or more previous convictions for a violent felony, or a serious drug offense committed on occasions different from one another, and accordingly that the offense is punishable under 18 U.S.C. § 924(c). Martin has filed two motions, a Motion to Suppress Evidence, Doc. [41], wherein Martin argues that the Court should suppress evidence obtained as the result of a warrantless search of his cross-body bag conducted without his consent, and a Motion to Dismiss the Indictment, Doc. [42], claiming 18 U.S.C. § 922(g)(1) is unconstitutional and violates the Second Amendment. The Court referred Martin's motions to

United States Magistrate Judge Rodney H. Holmes. *See* 28 U.S.C. § 636(b). On June 25, 2025, Judge Holmes held an evidentiary hearing. Martin and the Government subsequently filed post-hearing briefs. After taking the matters under submission, Judge Holmes issued a Report and Recommendation recommending denial of the motions. Doc. [67]. Defendant filed objections to Judge Holmes's Report and Recommendation, Doc. [68]. As no response was filed by the Government, the matter is now ripe for ruling.

## II. Standard

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1)(c) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.").

## III. Discussion

### A. Findings of Fact

The Court finds that Judge Holmes thoroughly set forth the relevant facts in the Report and Recommendation. Therefore, the Court adopts and incorporates Judge Holmes' factual findings and will not repeat them here. However, the Court will address Martin's particular objections to the factual findings below.

### B. Motion to Suppress Evidence

#### a. *Terry* Pat Down and Cross-Body Bag

Martin objects to Judge Holmes' conclusion of law that the search of his cross-body bag was part of an appropriate *Terry* pat down search.[1] Martin also objects to the factual finding that, "At this point Officer Phillips decided to pat down Mr. Martin for weapons," Doc. [67] at 3, claiming the evidence showed that no pat down of Martin was conducted at that time, but rather Officer Phillips removed the body bag from Defendant's body and searched it.

Here, Martin does not challenge the initial investigatory stop, but the subsequent pat down search. Under *Terry*, police officers may briefly detain an individual for an investigative purpose when they have reasonable suspicion that "criminal activity may be afoot." *Terry*, 392 U.S. at 30. A "'police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *United States v. Davison*, 808 F.3d 325, 329 (8th Cir. 2015) (quoting, *Terry*, 392 U.S. at 21)). "The existence of reasonable, articulable suspicion is determined by the totality of the circumstances, taking into account an officer's deductions and rational inferences resulting from relevant training and experience." *United States v. Horton*, 611 F.3d 936, 940 (8th Cir. 2010).

During a *Terry* stop, an officer may do a pat down search for protective reasons if the officer has reasonable, articulable suspicion that the person may be armed and presently dangerous. *United States v. Reddick*, 910 F.3d 358, 362 (8th Cir. 2018). "Under *Terry*, both the stop and the frisk for weapons during the stop must be supported by reasonable suspicion." *United States v. Slater*, 979 F.3d 626, 629 (8th Cir. 2022). "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

the belief that his safety or that of others was in danger." *United States v. Oliver*, 550 F.3d 734, 738 (8th Cir. 2008) (quoting *Terry*, 392 U.S. at 27).[2]

Defendant's objection to the conclusion of law that the pat down was appropriate under *Terry* and objection to the factual finding that, "At this point Officer Phillips decided to pat down Mr. Martin for weapons," Doc. [67] at 3, are overruled. Martin references that sentence in the Findings of Fact in isolation. The factual findings preceding this statement are, "Before leaving his partner alone while he went to the car, he asked Mr. Martin if he had any weapons on his person. Mr. Martin did not answer the question and kept asking could he go home." *Id*. The factual findings further state that in Officer Phillips' training and experience individuals frequently keep weapons in cross-body bags and evade answering questions relating to firearms. Officer Phillips had also observed from the garage earlier that Martin's cross-body bag appeared to contain a heavy object, and while Officer Phillips was in the process of removing the cross-body bag from Martin he saw a green knife in plain view in an open pocket of the cross-body bag and felt an object consistent with the weight and feel of a firearm within the cross-body bag. In this context, it is clear that Judge Holmes' factual finding at issue is supported by the evidence.

As to Martin's objection to the conclusion of law concerning the pat down search, the Report and Recommendation also points out that while Martin evaded answering the question of whether he had any weapons, and while one of his hands was being placed in handcuffs[3] by Officer Downen, Martin immediately clutched his cross-body bag to secure it on his lap with his free hand. The video

---

[2] Martin also claims that the Findings of Fact should have included Officer Phillips' testimony that he was hopeful he would get to search Martin's cross-body bag before he had any interaction with him. Doc. [53] at 24-25. Whether under the probable cause standard or reasonable suspicion standard, an officer's subjective intentions play no part in the analysis. *See Whren v. United States*, 517 U.S. 806, 813 (1996). This objection is overruled.

[3] The use of handcuffs can be a reasonable precaution during a *Terry* stop to protect their safety and maintain the status quo. *United States v. Martinez*, 462 F.3d 903, 907 (8th Cir. 2006). *See also United States v. Childers*, 73 F.4th 960, 964 (8th Cir. 2023) ("When an officer has reason to believe a suspect is armed, [the Eighth Circuit] ha[s] held that drawing a firearm and handcuffing the suspect does not automatically transform an investigatory stop into an arrest." (citation omitted).

4

from Officer Phillips' body camera also recorded Martin loudly bemoaning the interaction after Officer Phillips told Martin he was being detained and showed that Martin also had a duffel bag sitting right beside his free hand. Further, Officer Phillips testified at the evidentiary hearing that while he was in the process of retrieving the cross-body bag from Martin, he saw a green knife in plain view in the outer pocket of the cross-body bag, felt that the cross-body bag was heavy, and that a hard object was in the cross-body bag. Taken together, the facts support Judge Holmes' conclusion that Officer Phillips had a reasonable and articulable suspicion that supported the retrieval of Martin's cross-body bag and was confined in scope to discover concealed weapons. *See United States v. Muhammad*, 604 F.3d 1022, 1026 (8th Cir. 2010) ("Because the 'sole justification' for such a search is the protection of the officer and others, its scope must be confined to a search reasonably designed to discover concealed weapons." *Id.* (quoting *Terry,* 392 U.S. at 29)). Here, the protective search of Martin's cross-body bag was reasonably designed to determine if it contained weapons. *See c.f. United States v. Watkins*, No. 22-cr-298 (PJS/DTS), 2023 WL 3212518 *3 (D. Minn. March 30, 2023) (protective search of cross-body bag was limited to what was necessary to determine if it contained a firearm).

Martin also argues that even if Officer Phillips had reasonable suspicion that Martin was armed, it was not demonstrated that he was "presently dangerous," because at the time the cross-body bag was searched he was handcuffed, and the cross-body bag was in the exclusive control of Officer Phillips. On the contrary, under the totality of the circumstances discussed above, a reasonable officer would have believed Martin was presently dangerous. This Court agrees with the Report and Recommendation findings that the search of Martin's cross-body bag occurred within seconds of Officer Phillips removing the cross-body bag and observing a knife in plain view in an open pocket of the cross-body bag. At that same time, Officer Downen was in the process of

5

handcuffing one of Martin's hands, while Martin's other hand was free and clutching the cross-body bag. Martin's free hand was also within arm's reach of his duffel bag and Officer Phillips. This Court agrees with the Report and Recommendation analysis that the reasonable articulable suspicion for the pat down ripened into probable cause with discovery of the green knife in the open pocket of Martin's cross-body bag, thus becoming a search incident to arrest.[4]

Defendant also objects to the Finding of Fact that, "Officer Phillips made the decision to arrest Mr. Martin after he observed the knife in plain view." Doc. [67] at 3. Martin claims Officer Phillips' body camera footage and his testimony establish he actually arrested Defendant only after he located the firearms. Officer Phillips made clear in his testimony at the evidentiary hearing that he decided to arrest Martin after he saw the green knife in the front pocket of Martin's cross-body bag. Doc. [53] at 27-28, 30. This Court agrees with Judge Holmes' factual determinations. Martin's objection is overruled.

### b. Inevitable Discovery Doctrine

Martin objects to Judge Holmes' finding that the inevitable discovery rule applied because the firearms would have been discovered during an inventory search of Martin's property during the booking process.

First, Martin argues that it is the Government's burden to establish by a preponderance of the evidence that the evidence would have been discovered by lawful means and that inevitable discovery

---

[4] As stated by the Report and Recommendation at the outset, Officer Phillips already had probable cause to arrest Martin after he observed Martin drinking alcohol, smoking a cigarette, and playing loud music from a speaker around his neck on MetroLink property. *See e.g. Wood v. Wooten*, No. 1:18 CV 133 ACL, 2019 WL 5394506, at *4 (E.D. Mo. Oct. 22, 2019), aff'd, 986 F.3d 1079 (8th Cir. 2021) ("The Eighth Circuit has further held that officers have probable cause to arrest an individual for minor infractions, even if the offense is not 'arrestable' under state law.") (citing *United States v. Perdoma*, 621 F.3d 745, 749-50 (8th Cir. 2010) (holding officer had probable cause to arrest for crime that was an infraction under Nebraska law); *United States v. Burtton*, 599 F.3d 823, 830 (8th Cir. 2010) (same)). Here, Officer Phillips testified that smoking, drinking, and possessing weapons are all violations of Missouri state law. Officer Phillips had also discovered that Martin had an active warrant for his arrest and Martin himself told the officers he was on probation.

6

was based on "the erroneous finding of fact that Phillips decided to arrest Mr. Martin at the time he saw the knife[.]" Doc. 68 at 6. At the evidentiary hearing, Judge Holmes confirmed that it was Officer Phillips' testimony that he decided to arrest Martin once he saw the knife in plain view in the open outer pocket of Martin's cross-body bag.[5] As previously stated, this Court agrees with the Report and Recommendation's findings that Officer Phillips not only had probable cause to arrest Martin at the beginning of the encounter, but even assuming he did not, Martin was subject to a lawful pat down search pursuant to *Terry* that ripened into a search incident to arrest after Officer Phillips saw the knife in plain view in the open outer pocket of Martin's cross-body bag. Even if Officer Phillips had not even opened the cross-body bag after discovering the knife, the firearms would have been found during the inventory process.

Next, Martin argues that the Government had not introduced any evidence of what "standardized police procedures" were applicable or followed at the time of Martin's arrest. This objection is overruled. At the evidentiary hearing Judge Holmes asked Officer Phillips, "Once a person is arrested and you take them to the jail or to the station, what happens with their property?" Doc. [53] at 31. Officer Phillips replied, "We inventory it." *Id*. Even if law enforcement were to fail to conduct an inventory search according to standardized procedures, it would not mandate the suppression of the evidence discovered as a result of the inventory search. *See United States v. Smith*, 715 F.3d 1110, 1117-1118 (8th Cir. 2013).

### C.  Motion to Dismiss the Indictment

In Defendant's Motion to Dismiss the Indictment, he challenges the constitutionality of 18 U.S.C. § 922(g)(1) as charged in Count 1 of the Indictment. In the Report and Recommendation, Judge Holmes found that Martin "submits *Jackson* was wrongly decided and filed the motion to

---

[5] A trial judge may ask questions of witnesses to clarify testimony and elicit facts. *United States v. Scott*, 26 F.3d 1458, 1464 (8th Cir.1994).

7

preserve the issue for further litigation regarding the constitutionality of the statute." Doc. [67] at 10. The binding authority of the United States Eighth Circuit Court of Appeals completely forecloses Martin's claim that § 922(g)(1) is unconstitutional, both facially and as-applied to him. *See United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024) (*Jackson* II); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024). This Court overrules Martin's objection and adopts the Report and Recommendation's findings regarding his Motion to Dismiss the Indictment.

### IV.     Conclusion

The Court has conducted a de novo review of all matters relative to Defendant's Motions and Objections, including a thorough review of the transcript of the evidentiary hearing and the exhibits. After careful consideration, the Court will adopt and sustain Judge Holmes's Report and Recommendation and deny Defendant's Motions.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Rodney H. Holmes, Doc. [67], is **SUSTAINED, ADOPTED, AND INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation, Doc. [68], are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress, Doc. [41], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Dismiss the Indictment, Doc. [42], is **DENIED**.

Dated this 15th day of January, 2026

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE